# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL C. HENDERSON,<br><br>                    Plaintiff,<br><br>v.<br><br>DAVID BROWER, MICHAEL J. BEISBIER, ROBERT KAMINSKI, RANDALL JOHNSON, TIMOTHY ROETS, and JOHN/JANE DOE,<br><br>                    Defendants. | Case No. 18-CV-893-JPS<br><br>**ORDER** |

      Plaintiff Michael C. Henderson, who is incarcerated at Green Bay Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). He later filed an amended complaint. (Docket #18). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Though Plaintiff has not yet paid the required initial partial filing fee, because this action must be dismissed, the Court sees no benefit in waiting until the partial fee is paid.

      The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was arrested by Defendants, Watertown police officers, in June 2014. (Docket #18 at 3). The police were apparently investigating a murder. *Id.* at 9. Plaintiff implies that Defendants questioned him about the crime and claims he was not given *Miranda* warnings. During the questioning, Plaintiff contends that he repeatedly asked to speak with his attorney and/or make a phone call, but his requests were denied. *Id.* at 3, 5–7. When Plaintiff asked why, one of the defendants responded that the denial "was a racial thing." *Id.* at 6. Plaintiff says that he was not prosecuted for the charge on which he had been arrested, and that the charge was later dismissed. *Id.* at 8. It seems that Plaintiff wishes to pursue a violation of his

Fifth Amendment rights to counsel and/or against self-incrimination. *Id.* at 13.

In his amended complaint, Plaintiff further alleges that Defendant Timothy Roets ("Roets"), the chief of police, issued a "racially motivated, discriminatory press release" targeted at Plaintiff. *Id.* The press release, which is stamped with the word "copy," is attached to the amended complaint and is incorporated herein:



PRESS RELEASE

June 11, 2014 – 8:00 am

****For Immediate Release****

Arrest made in Watertown Death Investigation

The Watertown Police Department announces the arrest of a male nigger age 32 from Waterloo, WI in connection with the homicide death of Heather A. Stewart age 28 of Clyman, WI. The nigger was arrested Tuesday, June 10th and is currently being held in the Jefferson County Jail.

Heather A. Stewart was found deceased in a vehicle on May 30, 2014 at 9:03 am. Heather Stewart had previously been reported as a missing person to the Dodge County Sheriff's Department and was last seen in Clyman, WI on May 28, 2014. The Watertown Police report the cause of death as a gunshot wound.

According to Chief Tim Roets, "This homicide investigation remains very active as our investigators continue to gather information. I encourage citizens with information to call our department. Specifically, any information concerning activity in the vicinity of the former Pick n Save building between 10:00 pm and 11:00 pm on Wednesday, May 28th."

Citizens with any information are encouraged to contact the Watertown Police Department at 261-6660. Citizens may also send information anonymously by text using Tip411. Information concerning Tip411 can be found on the department's web site http://watertownpolice.com/

Contact Person:
Chief Tim Roets
920-261-6660

Exhibit - A

*Id.* at 9. The racial epithet is clearly visible. Disturbingly, however, this is not a copy of the actual press release. The true release, obtained from the Watertown Police Department's own website (available at: http://watertownpolice.com/citizen-information/arrest-made-in-watertown-death-investigation/), does not include the epithet:



**PRESS RELEASE**

June 11, 2014 – 8:00 am

****For Immediate Release****

**Arrest made in Watertown Death Investigation**

The Watertown Police Department announces the arrest of a male suspect age 32 from Waterloo, WI in connection with the homicide death of Heather A. Stewart age 28 of Clyman, WI. The suspect was arrested Tuesday, June 10th and is currently being held in the Jefferson County Jail.

Heather A. Stewart was found deceased in a vehicle on May 30, 2014 at 9:03 am. Heather Stewart had previously been reported as a missing person to the Dodge County Sheriff's Department and was last seen in Clyman, WI on May 28, 2014. The Watertown Police report the cause of death as a gunshot wound.

According to Chief Tim Roets, "This homicide investigation remains very active as our investigators continue to gather information. I encourage citizens with information to call our department. Specifically, any information concerning activity in the vicinity of the former Pick n Save building between 10:00 pm and 11:00 pm on Wednesday, May 28th."

Citizens with any information are encouraged to contact the Watertown Police Department at 261-6660. Citizens may also send information anonymously by text using Tip411. Information concerning Tip411 can be found on the department's web site http://watertownpolice.com/

Contact Person:
Chief Tim Roets
920-261-6660

÷

It is not clear how Plaintiff came to possess his version of the release (through the Prisoner E-Filing Program, the physical copies of a prisoner's filings are returned to him) or how the "copy" stamp came to be placed thereon. The Court does not know from what source Plaintiff obtained the press release. It is also unknown whether Plaintiff made the alterations

himself or if another person simply provided an altered version of this press release to him.

It also appears that Plaintiff may have lied in claiming that he was released without charges and not prosecuted. Indeed, on June 11, 2014, the date of the press release, criminal charges were filed against Plaintiff in Jefferson County, Wisconsin, in which Watertown is located. *See State of Wisconsin v. Michael C. Henderson*, Jefferson County Circuit Court Case No. 2014-CF-204 (available at: https://wcca.wicourts.gov). Plaintiff was charged with and ultimately convicted of first-degree murder. *Id.* He received a sentence of life in prison without parole and is currently being incarcerated pursuant to that sentence. *Id.*; Wisconsin Offender Locator for Michael C. Henderson, prisoner identification number 368179 (available at: https://appsdoc.wi.gov) (2014-CF-204 listed as one of Plaintiff's criminal cases). Finally, the victim identified in the press release is Heather Stewart, and Plaintiff was ordered to pay restitution in his criminal case to Blaine Stewart for burial costs. It would be extraordinarily coincidental if Plaintiff's claims in this case are not related to the murder conviction. If Plaintiff was indeed convicted of that crime, he would be barred from pursuing his claims in this case, which would imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Courts have inherent power to sanction a party's misconduct. *Jackson v. Murphy*, 468 F. App'x 616, 619 (7th Cir. 2012). Sanctions are appropriate "where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). Committing perjury and relying on critical forged documents warrants sanctions for abuse of the judicial process. *Jackson*, 468 F. App'x at 620. That is precisely what Plaintiff has done here.

He has forged a document underlying his claims and has falsely alleged that Roets authored the document. (Docket #18 at 8–9). He has also lied about not being charged with any crimes stemming from the June 10, 2014 detention. Plaintiff's conduct also violates Federal Rule of Civil Procedure 11(b)(3), which states that in signing a pleading, a party represents that the factual contentions therein have evidentiary support. Plaintiff knew these averments were not true when he filed the amended complaint.

When determining an appropriate sanction for litigation misconduct, courts "should generally consider lesser sanctions before settling upon dismissal." *Ayoubi v. Dart*, 640 F. App'x 524, 528 (7th Cir. 2016). Here, a fine would not be effective against Plaintiff, who proceeds *in forma pauperis* and has essentially no assets. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011); (Docket #6) (Plaintiff's prison trust account statement, showing no positive balance). Simply excluding the press release is also problematic. First, in light of the forgery and perjury, Plaintiff's credibility as to his other allegations is totally destroyed. Second, allowing Plaintiff to proceed on those allegations would not suitably reflect the gravity of lying to the Court. *Rivera v. Drake*, 767 F.3d 685, 686–87 (7th Cir. 2014) (perjury causes unnecessary work, expense, and delay).

Dismissal with prejudice is the only option that provides adequate punishment and deterrence to Plaintiff and others for such egregious misconduct. Courts should generally notify a party before invoking dismissal as a sanction and allow an opportunity for the party to respond. *Ayoubi*, 640 F. App'x at 528. The notice and hearing requirement is intended for plausibly unintentional or explainable misconduct, such as dismissal for failure to prosecute a case. *Jackson*, 468 F. App'x at 620. The requirement does not apply for open and obvious fraud; "like any litigant, required no

notification that he may not forge documents and must tell the truth when testifying in an affidavit." *Id.* A court is entitled to "punish particularly egregious misconduct by dismissing a case without advanced warning." *Id.* Plaintiff's fraud reflects disgusting slander upon Defendants and an intentional abuse of the judicial system. The Court finds that dismissal with prejudice and without notice or a hearing is the most appropriate sanction.

More important than the sanction issue, however, is Plaintiff's failure to state a viable claim for relief. To proceed on a constitutional claim pursuant to Section 1983, Plaintiff must allege that he was deprived of a constitutional right. *Buchanan-Moore*, 570 F.3d at 827 (citing *Kramer*, 384 F.3d at 861). Failure to issue *Miranda* warnings concerns the Fifth Amendment right against self-incrimination. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1024 (7th Cir. 2006). The failure to issue *Miranda* warnings only implicates the right against self-incrimination, however, where the plaintiff demonstrates that statements compelled by defendants during his detention were used against him in a criminal case. *Id.* at 1024–25. This is because *Miranda v. Arizona*, 384 U.S. 436 (1966), "'created prophylactic rules designed to safeguard the core constitutional right protected by the Self-Incrimination Clause.'" *Sornberger* 434 F.3d at 1024 (quoting *Chavez v. Martinez*, 538 U.S. 760, 770 (2003)). In other words, *Miranda* did not create a constitutional right to receive the warnings themselves. *Id.*

In the same vein, the right to counsel created by *Edwards v. Arizona*, 451 U.S. 477 (1981), is also not the source of a stand-alone constitutional claim, because the right to counsel "is derived from the holding in *Miranda*." *Uhde v. Adams Cnty., Wis. Sheriff's Office*, 2003 WL 23142254, at *6 (W.D. Wis. July 22, 2003). The right to counsel serves the same prophylactic purpose as the *Miranda* warnings in that it serves to prevent self-incrimination. *Id.*

Thus, failure to provide counsel does not create a cause of action under Section 1983 unless the plaintiff demonstrates that the statements he made to defendants without an attorney present were used against him in a criminal case. *See Sornberger*, 434 F.3d at 1023–24.

Here, while Plaintiff alleges that defendants failed to issue *Miranda* warnings and provide him access to counsel, he does not allege that any statements compelled from him during his June 10, 2014 detention were used against him in a criminal case. Indeed, he alleges that most of the charges for which he was arrested were dismissed, making it likely that the opportunity for self-incrimination never arose. In any event, with no criminal consequences arising from his allegedly compelled statements, Plaintiff's amended complaint fails to allege a constitutional violation for which he can recover under Section 1983.

In light of the foregoing, the Court must dismiss this action with prejudice both as a sanction and for failure to state a claim upon which relief may be granted. The Court will deny as moot Plaintiff's numerous other motions related to gathering evidence, (Docket #20), and the screening process, (Docket #21, #22, and #23).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions related to evidence and screening (Docket #20, #21, #22, and #23) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim, and also as a sanction for litigation misconduct;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting his appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge