# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL C. HENDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID BROWER, MICHAEL J. BEISBIER, ROBERT KAMINSKI, RANDALL JOHNSON, TIMOTHY ROETS, and JOHN/JANE DOE,<br><br>    Defendants. | Case No. 18-CV-893-JPS<br><br><br>**ORDER** |

On November 30, 2018, the Court screened Plaintiff's complaint. (Docket #24). Plaintiff alleged that the Watertown police made racist comments to him during their investigation of a crime, and interrogated him without providing *Miranda* warnings. *Id.* at 3–5. The Court found that the complaint should be dismissed with prejudice for two reasons. First, Plaintiff lied to the Court by attaching an altered version of a public document to bolster an assertion of racial bias, and by claiming that he was not prosecuted for any crimes after the alleged racist incident, when this was false. *Id.* at 4–9. Plaintiff was in fact charged and convicted of murder. *Id.* at 7. Second, Plaintiff failed to state a viable claim for relief. His only claim was for the police's failure to provide *Miranda* warnings, but he did not allege that this conduct led to any criminal consequences for him. *Id.* at 9–10.

More than a month later, Plaintiff filed a motion for reconsideration of the Court's screening order. (Docket #26). Plaintiff first contends that he attempted to correct the inclusion of the altered document by filing an

amended complaint on November 21, 2018. He claims that the document was not filed by the prison librarian, possibly due to a restriction on Plaintiff's access to paper. Second, Plaintiff argues that he was detained on obstruction of justice charges, which were then dismissed, and then statements used in the police interrogation were utilized in a different prosecution, presumably the murder case.

Plaintiff's motion is silent on the legal basis for reconsideration, but only one rule could apply. Federal Rule of Civil Procedure ("FRCP") 60(b) offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" *Tylon v. City of Chi.*, 97 F. App'x 680, 681 (7th Cir. 2004) (quoting FRCP 60(b)(6)). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chi.*, 443 F.3d 542, 546 (7th Cir. 2006). Simply asserting "that the . . . court's underlying judgment was wrong . . . is an impermissible use of Rule 60(b)." *Tylon*, 97 F. App'x at 681.[1]

Plaintiff is not entitled to the extraordinary relief afforded by FRCP 60(b). First, his request is tardy. He filed his motion for reconsideration more than a month after the complained-of screening order. FRCP 60(b) motions must be made within a reasonable time, Fed. R. Civ. P. 60(c)(1), and the Court finds that Plaintiff's delay is unreasonable. Second, Plaintiff makes no attempt to argue that any of the enumerated bases of a FRCP 60(b)

---

[1]FRCP 59(e) allows for reconsideration of a judgment, but a motion seeking relief under that rule must be filed within 28 days of the issuance of the judgment. That time period has long since passed.

motion apply here. He simply asserts that the Court was wrong to dismiss his case.

Finally, even if Plaintiff's arguments were properly posed to the Court, they would be rejected. Plaintiff's argument regarding removal of the altered document rings hollow. He should never have submitted the document in the first place if he did not know whether it was authentic. More importantly, though Plaintiff claims that he was obstructed from filing an amended complaint on November 21, he in fact filed a motion requesting a speedy screening on November 27, 2018. (Docket #23). Thus, it appears that Plaintiff has again lied to the Court about his litigation activities. Further, Plaintiff's alleged inability to file the amended complaint stems from a conduct report he received (attached to the motion for reconsideration). Plaintiff cannot complain to the Court about the consequences of his own misbehavior. Finally, Plaintiff conclusorily states that certain statements from the allegedly unlawful interrogation were used in his murder case. Plaintiff does not explain what those statements were and how they were used. Thus, Plaintiff still fails to state a viable claim for relief under the Fifth Amendment. For all of the above reasons, Plaintiff's motion for reconsideration must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #26) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge